BARKETT, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s conclusion in Part II.A that BMWE’s claims regarding the quarterly percentage reports are not moot, and its conclusion in Part II.B that BMWE’s claim as to the provision of background information is a “minor dispute” over which we lack jurisdiction. However, I disagree with its holding that BMWE’s quarterly percentage reports claim is also a “minor dispute”. That conclusion rests, in my opinion, on a misreading of the distinction between minor and major disputes laid out in Consolidated Rail Corp. v. Railway Labor Executives’ Ass’n, 491 U.S. 299, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989), and Elgin, Joliet & Eastern Railway Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). When, as in this case, a carrier refuses to comply with an undisputed provision in a collective bargaining agreement, effecting a unilateral change in the agreement’s terms, the resulting dispute is major, not minor.
Under Consolidated Rail, when a party to a collective bargaining agreement “asserts a contractual right to take the contested action,” the dispute is minor “if the action is arguably justified by the [agreement’s] terms.” Consol. Rail Corp., 491 U.S. at 307, 109 S.Ct. 2477. On the other hand, if the party’s contractual justification is “obviously insubstantial or frivolous, [or] made in bad faith,” the dispute is major. Id. at 307-10, 109 S.Ct. 2477. CSX admitted at oral argument that it could not arguably justify its refusal to provide the reports under the agreement’s terms. (“By repeatedly failing to comply with this obligation to provide the reports, CSX-T[ransportation] effectively read the obligation to provide the reports out of the agreement, and changed the agreement.”).[1] Thus, this refusal must constitute a major dispute, even under the low standard of “arguability” of CSX Transportation, Inc. v. Brotherhood of Maintenance of Way Employees, 327 F.3d 1309, 1321 (11th Cir.2003). See Ass’n of Flight Attendants, AFL-CIO v. United Airlines, Inc., 976 F.2d 102, 104 (2d Cir.1992) (noting that “a *163 unilateral and enjoinable change in the collective agreement” would constitute a major dispute, and contrasting it with “a legitimate disagreement over an ambiguity in a collective agreement” subject to arbitration that formed the focus of the ease).
Despite acknowledging this language in Consolidated Rail, the majority ultimately decides that this dispute was minor based on the Supreme Court’s “shorthand” formulation of the minor-major dispute test in the same case, which explains that “major disputes seek to create contractual rights, minor disputes to enforce them.” Consol. Rail Corp., 491 U.S. at 302, 109 S.Ct. 2477 (citing Burley, 325 U.S. at 723, 65 S.Ct. 1282). Because the obligation to provide the quarterly reports derives from a provision in the agreement, the majority reasons, the dispute concerns the enforcement of a contractual right, and therefore must be a minor dispute subject to arbitration.
“Shorthand” formulations of Supreme Court jurisprudence do not always capture the precision or totality of the Supreme Court’s holdings, and I do not believe they do so in this case. The majority’s conclusion ignores the language that the “shorthand” test summarizes, which classifies disputes “where it is sought to change the terms of [an agreement]” as major disputes. Burley, 325 U.S. at 723, 65 S.Ct. 1282. In contrast, the Court described minor disputes as:
contemplating] the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The [minor] dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case.
Id. (emphasis added). By refusing to comply with a provision in the collective bargaining agreement without justification, CSX made an “effort ... to bring about a formal change in [its] terms.” Id. And because CSX admits that it could not arguably justify its refusal under the agreement’s terms, the dispute does not “relate[ ] either to the meaning or the proper application of a particular provision with reference to a specific situation.” Id. CSX concedes that the agreement required it to provide the reports; it simply refused to comply.
Moreover, classifying this dispute as minor clashes with Consolidated Rail’s observation that under Burley, the “distinguishing feature” of a minor dispute is that it “may be conclusively resolved by interpreting the existing agreement.” Consol. Rail. Corp., 491 U.S. at 305, 109 S.Ct. 2477. In such situations, the arbitrators, who are “experts in the interpretation of agreements,” Air Line Pilots Ass’n, Int’l v. UAL Corp., Int’l Ass’n of Machinists & Aerospace Workers, 874 F.2d 439, 444 (7th Cir.1989), play a valuable role. Because collective bargaining agreements are complicated contracts that “cannot define every minute aspect of the complex and continuing relationship” between carrier and union, see Gateway Coal Co. v. United Mine Workers of America, 414 U.S. 368, 378, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974) (commenting in context of the Labor Management Relations Act); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578-80, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) (same), arbitrators’ expertise in “the common law of [the] particular industry” makes them specially able to interpret their provisions. Consol. Rail Corp., 491 U.S. at 310, 109 S.Ct. 2477 (quoting Warrior & Gulf Navigation Co., 363 U.S. at 579, 80 S.Ct. 1347).[2]
But there is nothing to interpret in this case. Both CSX and BMWE agree that *164 the agreement requires CSX to produce quarterly reports. Accordingly, I do not believe that Congress intended for arbitrators to handle such disputes. Frankly, I do not even see what role an arbitrator can play in this scenario. Because both parties agree that the agreement requires CSX to produce the reports, the arbitral panel’s only job will be to issue a decision commanding CSX to comply, a decision that BMWE will have to take back to federal court to enforce. We can more easily settle this dispute now, by entering a declaratory judgment requiring CSX to produce the quarterly reports, without engaging in contractual interpretation of any sort.
Finally, I note that a carrier’s bad-faith refusal to comply with an undisputed provision in a collective bargaining agreement “presents] the large issues about which *165 strikes ordinarily arise with the consequent interruptions of traffic the Act sought to avoid,” and thus is appropriately categorized as a major dispute. Burley, 325 U.S. at 723-24, 65 S.Ct. 1282. Far from quibbling over what a particular provision means, CSX flatly refused to abide by an agreement that forms the cornerstone of its relationship with its employees. See Warrior & Gulf Navigation Co., 363 U.S. at 579, 80 S.Ct. 1347 (“The collective agreement covers the whole employment relationship.”). That sort of unilateral action risks “undermining] the confidence so indispensable to adjustment by negotiation, which is the vital object of the Act.” Burley, 325 U.S. at 756, 65 S.Ct. 1282 (Frankfurter, J., dissenting); cf. Air Line Pilots Ass’n, Int'l, 874 F.2d at 444 (“[I]f one party to a labor agreement refuses to bargain with the other, this is an ominous sign that a strike is looming.”).
For the above reasons, I respectfully dissent from the majority’s determination that BMWE’s claim as to the quarterly reports constitutes a minor dispute.

. This undermines the majority’s conclusion that “CSX is not attempting to create new rights or to eliminate existing duties under the agreement.” Ante at -. In fact, by holding that this claim is not moot, the majority implicitly recognizes that CSX may attempt to write this provision out of the agreement again in the future.

. Relying on Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 114 S.Ct. 2239, 129 L.Ed.2d *164 203 (1994), the majority asserts that the "crucial inquiry” in classifying a dispute as major or minor is "whether the source of the plaintiffs asserted legal right is the collective bargaining agreement.” Ante at-. I disagree. The crucial inquiry is not whether the collective bargaining agreement is the basis for the plaintiff's claim, but whether it provides a colorable, non-frivolous defense to the contested action. See Consol. Rail Corp., 491 U.S. at 307, 109 S.Ct. 2477 ("Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties’ collective-bargaining agreement. Where, in contrast, the employer’s claims are frivolous or obviously insubstantial, the dispute is major.”). If it does, then the dispute is suited for resolution by arbitrators, who are experts at the special skill of interpreting collective bargaining agreements. If it does not, then arbitration serves no purpose, and dispute resolution is best handled by a court.
Consistent with Consolidated Rail, Hawaiian Airlines merely reiterates that the crucial inquiry is whether the dispute “may be conclusively resolved by interpreting the existing [collective bargaining agreement].” 512 U.S. at 265, 114 S.Ct. 2239 (quoting Consol. Rail Corp., 491 U.S. at 305, 109 S.Ct. 2477). If the dispute involves interpretation of the agreement, the dispute is minor; if it does not, the dispute is major. Id. Thus, the Hawaiian Airlines Court noted that under Consolidated Rail, a carrier’s attempt to unilaterally add a term to an existing collective bargaining agreement would constitute a major dispute. Id. (citing Consol. Rail Corp., 491 U.S. at 303, 109 S.Ct. 2477).
This case presents the materially indistinguishable situation wherein the carrier attempts to unilaterally delete an express provision of a collective bargaining agreement. In both cases, the carrier has unilaterally modified the terms of the contract. No interpretation of the agreement is required in either situation, because the carrier cannot advance a non-frivolous argument that the agreement permits the contested modification. See Consol. Rail Corp., 491 U.S. at 307, 109 S.Ct. 2477. Instead, the carrier has attempted to create or eliminate provisions in the collective bargaining agreement without resorting to the bargaining process required by the Railway Labor Act. Unilateral modifications to the agreement thus constitute “major disputes” because (1) no contractual interpretation is necessaiy to resolve them, and (2) classifying them as minor would impermissibly “undercut the prohibitions of § 2, Seventh, and § 6 of the Act against unilateral imposition of new contractual terms.” Id. at 306, 109 S.Ct. 2477 (internal quotation marks and citations omitted).
This logic is in no way at odds with the observation in Hawaiian Airlines that minor disputes "[do] not involve rights that exist independent of the [collective bargaining agreement].” 512 U.S. at 265, 114 S.Ct. 2239. When the offending party unilaterally modifies the terms of the collective bargaining agreement, it implicates its independent duty “to exert every reasonable effort to make and maintain agreements” under § 2 of the Act, 45 U.S.C. § 152 (2005), and "the prohibitions of § 2, Seventh, and § 6 of the Act against unilateral imposition of new contractual terms.” Consol. Rail Corp., 491 U.S. at 306, 109 S.Ct. 2477 (internal quotation marks and citations omitted). Therefore, a major dispute may still arise even though the plaintiff has asserted a legal right under the collective bargaining agreement, if the defendant either does not assert a contractual right to take the contested action, or asserts a contractual right that is "frivolous or obviously insubstantial.” See id. at 307, 109 S.Ct. 2477.